Complaint Brought Pursuant to 42 U.S.C. sec. 1983 for False Arrest, False Imprisonment, Malicious Prosecution, Intentional Infliction of Emotional Distress, Conspiracy and Negligence

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TIESHEIA YOUNG

    Plaintiff

CIVIL ACTION: 16-cv-01695

v.

THE CITY OF NEW YORK,
NEW YORK POLICE DEPARTMENT,
POLICE OFFICER THOMAS ADAMS (SHIELD# 001438)

VERIFIED COMPLAINT
JURY CLAIM
AS TO ALL COUNTS

    Defendants

---

**INTRODUCTION**

Tiesheia Young ["Young"] a resident of Bronx County, State of New York asserts the following claims against the defendants in the above-entitled action:

1. Violation of 42 U.S.C. 1983: False Arrest
2. Violation of 42 U.S.C. 1983: False Imprisonment
3. Violation of 42 U.S.C. 1983: Malicious Prosecution
4. Intentional Infliction of Emotional Distress
5. Violation of 42 U.S.C. 1983: Conspiracy
6. Negligence

**JURISDICTION**

1. Jurisdiction of this court arises under 28 U.S.C. secs 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. secs. 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.

2. Jurisdiction of this court for the pendent claims is authorized by F.R Civ.P 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

**PARTIES**

3. Plaintiff Tiesheia Young ["Young"] is a natural person residing in The Bronx, New York, United States of America; was a resident of The Bronx during all relevant times of this action.

5. Defendant City of New York (hereinafter "CITY")is a properly incorporated city in the State of New York

6. Defendant New York Police Department (hereinafter "NYPD") is an authorized agency of the City of New York

7. Defendant Police Officer Thomas Adams (hereinafter "Adams") is an employee of the New York Police Department.

8. At all times material to this Complaint, Defendants CITY and the NYPD acted toward Plaintiff under color of the statutes, ordinances, customs and usage of the City and State of New York.

9. At all relevant times, quotations as to violations of specific Constitutional Amendments are discussed as incorporated under the Fourteenth Amendment, with respect to non-federal actors.

**FACTS**

10. On July 24, 2013, at approximately 11:45pm, Young was inside of her apartment located at 1705 Anthony Avenue in the County of the Bronx. Young was 7 ½ months pregnant at the time, having been diagnosed as a "high risk pregnancy".

11. Around the same time, Young's boyfriend, Mr. Washington, who also resides at 1705 Anthony Avenue, came inside the apartment to get his video camera.

12. Mr. Washington then went back downstairs to film his friends doing bicycle tricks in the street in front of the building.

13. Shortly after, Young received a phone call from Mr. Washington asking her to come down stairs as the police were harassing him.

14. Young went downstairs to the front of her building and observed police officers leaving the vicinity.

15. As the police officers left, Mr. Washington continued to film his friends do bicycle tricks.

16. The police officers who were originally on the scene came back to the area minutes later and started running towards Young's building.

17. Mr. Washington informed Young that he thought they should go back inside and upstairs as he was fearful there was a possible dangerous situation brewing, and did not want Young in her high risk pregnant condition to be injured.

18. As Young went inside the building, Mr. Washington followed, with the police right behind them; including Defendant Adams.

19. As Young and Mr. Washington got to the fifth floor, Adams asked Young if Mr. Washington was her boyfriend, to which Young refused to answer.

20. Young was then asked for her identification by the above referenced officer and she complied, handing the police officer her identification.

21. Despite complying, Adams started walking towards Young's apartment despite not having permission or authority to enter.

22. Fearing the police officer were going to illegally enter her apartment, Young started filming Adams with her cell phone at a distance far enough away as to not interfere with Adams performing any of his actions or duties.

23. Seconds after Young pulled out her phone, Adams yelled "give me your fucking phone!"

24. Young refused to give the officer her phone (asserting her right to not give up her property), and an unnamed police officer instructed Adams to arrest Young.

25. Adams placed Young in handcuffs and walked her down the stairs.

26. While walking Young down the stairs, Adams posed the question to Young "do you really want to lose your job over this meathead?" referring to Mr. Washington.

27. Young was taken to the 44th Precinct in Bronx County and told by Adams that she would only be charged with Disorderly Conduct if she would discuss Mr. Washington with them.

28. When she refused to discuss Mr. Washington, she was informed by Adams that she was going to be charged with Obstruction of Governmental Administration.

29. Young informed Adams that she was a high risk pregnancy and did not feel safe going through central booking. She begged Adams to simply give her a Desk Appearance Ticket and allow her to go home.

30. Despite Adams now knowing Young's health concerns, he nevertheless brought Young to central booking in Bronx County. Young eventually went before a judge at approximately 6:00pm on July 25, 2013, where she was released on her own recognizance.

31. Young was employed by the Bronx District Attorney's Office as a Community Service Aide at the time of her arrest, whereby all of her colleagues found out about her arrest, causing extreme embarrassment.

32. Despite Young informing her supervisors that she was arrested despite doing nothing illegal, she was initially suspended without pay for three days.

33. However, as of June 6, 2014, Young was officially terminated from her position permanently due to the aforementioned charges still pending. (**Termination Letter attached as Exhibit**)

34. Young fought the erroneous charges for nearly three years in court, making at least 12 court appearances, before all charges were dismissed on January 14, 2016.

## COUNT 1: VIOLATIONS OF 42 U.S.C. 1983: FALSE ARREST

35. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 34 above with the same force and effect as if herein set forth.

36. At all times relevant herein, the conduct of the Defendants were subject to 42 U.S.C. sections 1983, 1985, 1986 and 1988.

37. Acting under color of law, Defendant's engaged in a denial of Young's rights, privileges or immunities secured by the United States Constitution or by Federal Law, as incorporated by the 14th amendment.

38. There was no probable cause for the July 25, 2013 arrest and incarceration of Young and as a result her constitutional rights were violated.

39. As a result of the Defendant's unlawful and malicious action Young was temporarily deprived of both her liberty without due process of the law and her right to equal protection of the laws, and the due course of justice was impeached, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. section 1983.

WHEREFORE, Plaintiff demands judgment for the false arrest against all the Defendant's jointly and severally, for the actual, general, special, compensatory damages in the amount of $1,000,000 and further demands judgment against each of said defendants, jointly and

severally for punitive damages in the amount of $1,000,000 plus the costs of this action, including attorney's fees, and such actual relief deemed to be just and equitable.

"Punitive damages are recoverable in sec. 1983 suit where defendant's conduct is motivated by an evil motive or intent, or where it involves reckless of callous indifference to plaintiff's federally protected rights." *Smith v. Wade*, 461 U.S. 30, 50-51 (1983). *Clark v. Taylor*, 710 F.2d 4, 14 (1st Cir. 1983). Miga, supra at 355.

## COUNT 2: VIOLATIONS of 42 U.S.C. 1983: FALSE IMPRISONMENT

40. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 39 above with the same force and effect as if herein set forth.

41. As a result of the unlawful and malicious arrest of Jones for which there was no probable cause, Jones was incarcerated without justification or consent, whereby Defendants deprived Young of her liberty without due process of law and her right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment for the false detention and confinement against all the Defendant's jointly and severally, for actual, general, special and compensatory damages in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000 plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 3: VIOLATIONS OF 42 U.S.C. 1983: MALICIOUS PROSECUTION

42. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 41 above with the same force and effect as if herein set forth.

43. Defendants, intentionally and maliciously, instituted and pursued a criminal action against Young that was brought without probable cause and was dismissed in Young's favor.

44. As a result of the concerted unlawful and malicious prosecution of Jones, the Defendant's deprived Jones of both her right to liberty without due process of law and her right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States, and 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment for the malicious prosecution against all Defendants jointly and severally, for actual, general, special and compensatory damages in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 4: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 44 above with the same force and effect as if herein set forth.

46. Defendants intentional and reckless conduct resulted in the extended incarceration of Young.

47. The failure of the Defendants to properly investigate the incident was extreme and outrageous conduct as evidenced by the egregious nature of the arrest, and this conduct was the actual and proximate cause of severe emotional distress suffered by Young due to her wrongful imprisonment and prolonged prosecution.

WHEREFORE, Plaintiff demands judgment against all Defendants for actual, special and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT 5: VIOLATIONS OF 42 U.S.C. 1983: CONSPIRACY

48. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 47 above with the same force and effect as if herein set forth.

49. At all times relevant to this Complaint, the Defendants engaged in a conspiracy in furtherance of illegal behavior in allowing the false arrest and malicious prosecution of Jones.

50. Defendants had knowledge or, had they diligently exercised their duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done as heretofore alleged, were about to be committed.

51. Defendants had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed to do so.

52. Defendants directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct heretofore described.

53. As a direct and proximate cause of the negligent and intentional acts of the Defendants, as set forth in paragraphs 1-34 above, Plaintiff suffered loss of physical liberty and severe mental

anguish in connection with the deprivation of her constitutional and statutory rights guaranteed by the Fourteenth Amendment of the Constitution of the United States and protected by 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment against all Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**COUNT 6: NEGLIGENCE**

54. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 53 above with the same force and effect as if herein set forth.

55. Defendants owed a duty to pursue criminal actions only against suspects for which there is sufficient probable cause that the suspect had committed the criminal offense in question.

56. Defendants breached that duty to Jones when they arrested her for the felony of grand larceny when there was, admittedly, no probable cause sufficient to support a finding that Jones committed this, or any other, crime associated with this incident.

57. As a result of the breach, which were the actual and proximate cause of Young's injury, Jones suffered harm and damages.

58. Defendants are also liable under the doctrine of *Respondeat Superior*.

WHEREFORE, Plaintiff demands judgment against Defendants for actual, special, compensatory and punitive damages, attorney's fees, costs, expenses, and interest in an amount deemed at time of trial to be just, fair and appropriate

Respectfully submitted,

Tiesheia Young
By her attorney
February 25, 2016

Conway C. Martindale II
Martindale & Associates, PLLC
380 Lexington Avenue, 17th Floor
New York, NY 10168
212-405-2233

PLAINTIFFS VERIFICATION

The undersigned, being duly sworn, deposes and says that I am the Plaintiff herein, and have read the foregoing pleading filed on my behalf, and the facts stated therein are true.

_____
TIESHEIA YOUNG

Subscribed and sworn to before me, this 25th day of February 2016

_____
Notary Public

JASON VANCE
NOTARY PUBLIC, State of New York
No. 04VA6161023
Qualified in Bronx County
Commission Expires Feb. 8, 2019